# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>LYNN M. JACOBSON,<br><br>                Debtor. | Case No. A12-00497-DMD<br>Chapter 7 |

## MEMORANDUM ON MOTION TO AVOID JUDICIAL LIEN

Pending before the court is the debtor's motion to avoid the judicial lien of Lisa Brest. This motion is a contested matter under Fed. R. Bankr. P. 9014.

Service of a motion to avoid a judicial lien is governed by Fed. R. Bankr. P. 7004.[1] When the lienholder is an individual (as opposed to a corporation or other business entity), notice of the debtor's motion must be served pursuant to Rule 7004(b)(1). Subsection (b)(1) requires that *the individual* be served by first class mail, by mailing the notice "to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession."[2] Here, the debtor served the law firm of Ashburn & Mason with her motion. Presumably, Ashburn & Mason was the law firm that represented Lisa Brest in the state court action that resulted in the judgment against the debtor. In this capacity, Ashburn & Mason is not authorized to receive service on behalf of the creditor in this bankruptcy proceeding.[3] The creditor herself is the individual who must be served.

---

[1] Fed. R. Bankr. P. 9014(b).

[2] Fed. R. Bankr. P. 7004(b)(1).

[3] *See Beneficial California, Inc. v. Villar (In re Villar)*, 317 B.R. 88, 93-4 (9th Cir. B.A.P. 2004). Because Ashburn & Mason has not appeared in this bankruptcy proceeding on behalf of Ms. Brest, by implication the firm cannot be considered an agent for service. *Rubin v. Pringle (In re Focus Media Inc.)*, 387 F.3d 1077, 1083-84 (9th Cir. 2004).

In addition to the service deficiency, the debtor provided an insufficient notice period for her motion to avoid judicial lien. Under AK LBR 9013-1(b), a party opposing a motion has 21 days from service thereof to file an objection. Here, the debtor's notice of motion incorrectly specified a 20-day objection period. If the debtor's motion had otherwise been properly served, the court would overlook this deficiency. However, because the debtor must re-notice her motion, the court brings this point to her attention so that her notice will include the proper deadline for filing objections.

The debtor must correct the above-referenced deficiencies by serving the Notice of Motion and Motion to Avoid Judicial Lien in accordance with Fed. R. Bankr. P. 7004(b)(1) and AK LBR 9013-1(b). If no objections are filed with the court or communicated to the debtor within the 21-day objection period, the debtor may then file a certificate of no objections (Local Bankruptcy Form 4)[4] with the court, and submit a proposed order granting her motion. The debtor's motion will be denied, without prejudice, pending such proper noticing. An order will be entered consistent with this memorandum.

DATED: September 28, 2012

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: L. Jacobson, Pro Se Debtor
W. Barstow, Trustee
U. S. Trustee

---

[4] The Local Bankruptcy Rules and Forms are posted on the court's website at www.akb.uscourts.gov. The forms are downloadable.

2